**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| JDL INC (d/b/a Vegas Image) and LV Candy LLC, individually and on behalf of all others similarly situated, | ) ) ) ) | Civil Action No. _____ |
| Plaintiffs, | ) ) | |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| VALLEY FORGE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiffs JDL Inc. (d/b/a Vegas Image) ("JDL") and LV Candy LLC ("LV Candy"), individually and on behalf of the other members of the below-defined nationwide classes (collectively, the "Class"), bring this class action against Defendant Valley Forge Insurance Company, and in support thereof state the following:

## I.    NATURE OF THE ACTION

1.    Plaintiff JDL owns and operates Vegas Image, a distributor of bulk casino and gambling-themed chocolates and candy gift boxes, plus plush toys, located in Las Vegas, Nevada. Their services include Direct Store Delivery (DSD). Vegas Image is family-owned and family-run. Vegas Image products can be found in most of the major Casinos along the Las Vegas Strip, and are also offered for sale on VegasImage.com. Vegas Image has been making the best quality gaming candies for over 16 years. It's existence, however, is now threatened by COVID-19 (a.k.a. the "coronavirus" or "SARS-CoV-2").

2.    Plaintiff LV Candy is the owner and landlord of the building located at 3060 E Post Rd in Las Vegas, Nevada. It leases this building to JDL.

3.    To protect their businesses in the event that they suddenly had to suspend operations for reasons outside of their control, or if they had to act in order to prevent further property damage,

Plaintiffs purchased insurance coverage from Valley Forge Insurance Company ("VFIC"), a wholly-owned subsidiary of CNA Financial Corporation ("CNA"), including special property coverage, as set forth in VFIC's Businessowners Special Property Coverage Form (SB146801I), the endorsement for Business Income and Extra Expense (SB146802E) and the endorsement for Civil Authority (SB146826B) (together, the "Special Property Coverage Form").

4.      VFIC's Special Property Coverage Form provides "Business Income" coverage, which promises to pay for loss due to the necessary suspension of operations following loss to property.

5.      VFIC's Special Property Coverage Form also provides "Civil Authority" coverage, which promises to pay for loss caused by the action of a civil authority that prohibits access to the insured premises.

6.      VFIC's Special Property Coverage Form also provides "Extra Expense" coverage, which promises to pay the expense incurred to minimize the suspension of business and to continue operations.

7.      VFIC's Special Property Coverage Form, under a section entitled "Duties in the Event of Loss or Damage" mandates that VFIC's insured "must see that the following are done in the event of loss. . . [t]ake all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim." This is commonly referred to as "Sue and Labor" coverage.

8.      Unlike many policies that provide Business Income coverage (also referred to as "business interruption" coverage), VFIC's Special Property Coverage Form does not include, and is not subject to, any exclusion for losses caused by the spread of viruses or communicable diseases.

9.      Plaintiffs were forced to suspend or reduce business at Vegas Image and LV Candy due to COVID-19 and the resultant closure orders issued by civil authorities in Nevada.

10.     Upon information and belief, VFIC has, on a widescale and uniform basis, refused to pay its insureds under its Business Income, Civil Authority, Extra Expense, and Sue and Labor

coverages for losses suffered due to COVID-19, any orders by civil authorities that have required the necessary suspension of business, and any efforts to prevent further property damage or to minimize the suspension of business and continue operations. Indeed, VFIC has denied Plaintiffs' claim under its VFIC policy.

## II.    JURISDICTION AND VENUE

11.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because Defendant and at least one member of the Class are citizens of different states and because: (a) the Class consists of at least 100 members; (b) the amount in controversy exceeds $5,000,000 exclusive of interest and costs; and (c) no relevant exceptions apply to this claim.

12.    Venue is proper in this District under 28 U.S.C. § 1391, because Defendant resides in this District and a substantial portion of the acts and conduct giving rise to the claims occurred within the District. VFIC personnel in Chicago, Illinois drafted and sent VFIC's denial of coverage to Plaintiffs.

## III.    THE PARTIES

*Plaintiffs*

13.    Plaintiff JDL is a Nevada corporation, with its principal place of business in Las Vegas, Nevada. JDL owns and operates Vegas Image in Las Vegas.

14.    Plaintiff LV Candy is a Nevada corporation, with its principal place of business in Las Vegas, Nevada and is the landlord to the building located at 3060 E Post Rd.

*Defendant*

15.    Defendant VFIC is an insurance company organized under the laws of the State of Pennsylvania, with its principal place of business in Chicago, Illinois.

3

## IV.     FACTUAL BACKGROUND

### A.     *The Special Property Coverage Form*

16.     In return for the payment of a premium, VFIC issued Policy No. 4012445241 to Plaintiffs for a policy period of November 14, 2019 to November 14, 2020, including a Businessowners Special Property Coverage Form. Policy No. 4012445241 is attached hereto as Exhibit A. Plaintiffs have performed all of their obligations under Policy No. 4012445241, including the payment of premiums. The Covered Property, with respect to the Special Property Coverage Form, is Plaintiffs' premises at 3060 East Post Road 140, Las Vegas, Nevada, 89120.

17.     In many parts of the world, property insurance is sold on a specific peril basis. Such policies cover a risk of loss if that risk of loss is specifically listed (e.g., hurricane, earthquake, H1N1, etc.). Most property policies sold in the United States, however, including those sold by VFIC, are all-risk property damage policies. These types of policies cover all risks of loss except for risks that are expressly and specifically excluded. In the Special Property Coverage Form provided to Plaintiffs, under the heading "Covered Causes of Loss," VFIC agreed to "pay for direct physical loss" to Covered Property "unless the loss is excluded or limited by" the policy.

18.     In the policy, VFIC did not exclude or limit coverage for losses from the spread of viruses.

19.     Losses due to COVID-19 are a Covered Cause of Loss under VFIC policies with the Special Property Coverage Form.

20.     In the Special Property Coverage Form, VFIC agreed to pay for its insureds' actual loss of Business Income sustained due to the necessary suspension of their operations during the "period of restoration" caused by direct physical loss or damage. A "partial or complete cessation" of business activities at the Covered Property is a "suspension" under the policy, for which VFIC agreed to pay for loss of Business Income during the "period of restoration" that begins within 12 hours after the time of direct physical loss or damage.

4

21.     "Business Income" means net income (or loss) before tax that Plaintiffs and the other Class members would have earned if no physical loss or damage had occurred, as well as continuing normal operating expenses incurred.

22.     The presence of virus or disease can constitute physical damage to property, as the insurance industry has recognized since at least 2006.   When preparing so-called "virus" exclusions to be placed in some policies, but not others, the insurance industry drafting arm, ISO, circulated a statement to state insurance regulators that included the following:

> Disease-causing agents may render a product impure (change its quality or substance), or enable the spread of disease by their presence on interior building surfaces or the surfaces of personal property.   When disease-causing viral or bacterial contamination occurs, potential claims involve the cost of replacement of property (for example, the milk), cost of decontamination (for example, interior building surfaces), and business interruption (time element) losses.   Although building and personal property could arguably become contaminated (often temporarily) by such viruses and bacteria, the nature of the property itself would have a bearing on whether there is actual property damage. An allegation of property damage may be a point of disagreement in a particular case.

23.     In the Special Property Coverage Form, VFIC also agreed to pay necessary Extra Expense that its insureds incur during the "period of restoration" that the insureds would not have incurred if there had been no direct physical loss or damage to the Covered Property.

24.     "Extra Expense" includes expenses to avoid or minimize the suspension of business, continue operations, and to repair or replace property.

25.     VFIC also agreed to "pay for the actual loss of Business Income" that Plaintiffs sustain "and reasonable and necessary Extra Expense" that Plaintiffs incur "caused by action of civil authority that prohibits access to" the Covered Property when a Covered Cause of Loss causes damage to property other than the Covered Property.

26.     VFIC's Special Property Coverage Form, under a section entitled "Duties in the Event of Loss or Damage" mandates that VFIC's insureds "must see that the following are done in the event of loss. . . [t]ake all reasonable steps to protect the Covered Property from further damage and keep a record of your expenses necessary to protect the Covered Property, for

consideration in the settlement of the claim." This is commonly referred to as "Sue and Labor" coverage.

27.    Losses caused by COVID-19 and the related orders issued by local, state, and federal authorities triggered the Business Income, Extra Expense, Civil Authority, and Sue and Labor provisions of the VFIC policy.

**B.    *The Covered Cause of Loss***

28.    The presence of COVID-19 has caused civil authorities throughout the country to issue orders requiring the suspension of business at a wide range of establishments, including civil authorities with jurisdiction over Plaintiffs' businesses (the "Closure Orders").

**1.    The Nevada Closure Orders**

29.    On or about March 20, 2020, the State of Nevada issued a civil authority order and regulations requiring the closure of Non-essential Businesses and imposing COVID-19 risk mitigation measures on Essential Licensed Businesses if those businesses are to remain open. Gaming machines and gaming operations were deemed Non-essential Businesses.

30.    Vegas Image was required to close as a result of the order and regulations, which have been in effect since on or about March 20, 2020.

31.    LV Candy has lost rental income due to its tenant being unable to operate as a result of the order and regulations, which have been in effect since on or about March 20, 2020.

32.    The Nevada Closure Order was issued in response to the spread of COVID-19 throughout Nevada.

33.    The presence of COVID-19 caused direct physical loss of or damage to the covered property under Plaintiffs' policy, and the policies of the other Class members, by denying use of and damaging the covered property, and by causing a necessary suspension of operations during a period of restoration.

34.    The Closure Orders, including the issuance of the Nevada Closure Order, prohibited access to Plaintiffs' and the other Class members' Covered Property, due to a Covered Cause of Loss.

6

35.     Violations of the Nevada Closure Order is punishable by fine, imprisonment, or both.

**2.      The Impact of COVID-19 and the Closure Orders**

36.     The presence of COVID-19 caused direct physical loss of or damage to the covered property under the Plaintiffs' policy, and the policies of the other Class members, by denying use of and damaging the covered property, and by causing a necessary suspension of operations during a period of restoration.

37.     The Closure Orders, including the issuance of the Nevada Closure Order, prohibited access to Plaintiffs' and the other Class members' Covered Property, due to a Covered Cause of Loss.

38.     As a result of the presence of COVID-19 and the Closure Orders, Plaintiffs and the other Class members lost Business Income and incurred Extra Expense.

39.     Plaintiffs submitted a claim for loss to VFIC under their policy due to the presence of COVID-19 and the Closure Orders, and VFIC denied that claim.

**V.      CLASS ACTION ALLEGATIONS**

40.     Plaintiffs bring this action pursuant to Rules 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure, individually and on behalf of all others similarly situated.

41.     Plaintiffs seeks to represent nationwide classes defined as:

- All persons and entities that: (a) had Business Income coverage under a property insurance policy issued by VFIC; (b) suffered a suspension of business related to COVID-19, at the premises covered by their VFIC property insurance policy; (c) made a claim under their property insurance policy issued by VFIC; and (d) were denied Business Income coverage by VFIC for the suspension of business resulting from the presence or threat of COVID-19 (the "Business Income Breach Class").

- All persons and entities that: (a) had Civil Authority coverage under a property insurance policy issued by VFIC; (b) suffered loss of Business Income and/or Extra Expense caused by action of a civil authority; (c) made a claim under their property

7

insurance policy issued by VFIC; and (d) were denied Civil Authority coverage by VFIC for the loss of Business Income and/or Extra Expense caused by a Closure Order (the "Civil Authority Breach Class").

- All persons and entities that: (a) had Extra Expense coverage under a property insurance policy issued by VFIC; (b) sought to minimize the suspension of business in connection with COVID-19 at the premises covered by their VFIC property insurance policy; (c) made a claim under their property insurance policy issued by VFIC; and (d) were denied Extra Expense coverage by VFIC despite their efforts to minimize the suspension of business caused by COVID-19 (the "Extra Expense Breach Class").

- All persons and entities that: (a) had a Sue and Labor provision under a property insurance policy issued by VFIC; (b) sought to prevent property damage caused by COVID-19 by suspending or reducing business operations, at the premises covered by their VFIC property insurance policy; (c) made a claim under their property insurance policy issued by VFIC; and (d) were denied Sue and Labor coverage by VFIC in connection with the suspension of business caused by COVID-19 (the "Sue and Labor Breach Class").

- All persons and entities with Business Income coverage under a property insurance policy issued by VFIC that suffered a suspension of business due to COVID-19 at the premises covered by the business income coverage (the "Business Income Declaratory Judgment Class").

- All persons and entities with Civil Authority coverage under a property insurance policy issued by VFIC that suffered loss of Business Income and/or Extra Expense caused by a Closure Order (the "Civil Authority Declaratory Judgment Class").

- All persons and entities with Extra Expense coverage under a property insurance policy issued by VFIC that sought to minimize the suspension of business in connection with COVID-19 at the premises covered by their VFIC property insurance policy (the "Extra Expense Declaratory Judgment Class").

- All persons and entities with a Sue and Labor provision under a property insurance policy issued by VFIC that sought to prevent property damage caused by COVID-19 by suspending or

reducing business operations, at the premises covered by their VFIC property insurance policy (the "Sue and Labor Declaratory Judgment Class").

42.     Excluded from each defined Class is Defendant and any of its members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; governmental entities; and the Court staff assigned to this case and their immediate family members. Plaintiffs reserve the right to modify or amend each of the Class definitions, as appropriate, during the course of this litigation.

43.     This action has been brought and may properly be maintained on behalf of each Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

44.     **Numerosity—Federal Rule of Civil Procedure 23(a)(1).** The members of each defined Class are so numerous that individual joinder of all Class members is impracticable. While Plaintiffs are informed and believe that there are thousands of members of each Class, the precise number of Class members is unknown to Plaintiffs but may be ascertained from Defendant's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, internet postings, and/or published notice.

45.     **Commonality and Predominance—Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting only individual Class members, including, without limitation:

a.  VFIC issued all-risk policies to the members of the Class in exchange for payment of premiums by the Class members;

b.  whether the Class suffered a covered loss based on the common policies issued to members of the Class;

c.  whether VFIC wrongfully denied all claims based on COVID-19;

d.  whether VFIC's Business Income coverage applies to a suspension of business caused by COVID-19;

    e.    whether VFIC's Civil Authority coverage applies to a loss of Business Income caused by the orders of state governors requiring the suspension of business as a result of COVID-19;

    f.    whether VFIC's Extra Expense coverage applies to efforts to minimize a loss caused by COVID-19;

    g.    whether VFIC's Sue and Labor provision applies to require VFIC to pay for efforts to reduce damage caused by COVID-19;

    h.    whether VFIC has breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and the related closures; and

    i.    whether Plaintiffs and the Class are entitled to an award of reasonable attorney fees, interest and costs.

46.    **Typicality—Federal Rule of Civil Procedure 23(a)(3).**  Plaintiffs' claims are typical of the other Class members' claims because Plaintiffs and the other Class members are all similarly affected by Defendant's refusal to pay under its Business Income, Civil Authority, Extra Expense, and Sue and Labor coverages.  Plaintiffs' claims are based upon the same legal theories as those of the other Class members.  Plaintiffs' and the other Class members sustained damages as a direct and proximate result of the same wrongful practices in which Defendant engaged.

47.    **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).** Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the other Class members who they seek to represent, Plaintiffs have retained counsel competent and experienced in complex class action litigation, including successfully litigating class action cases similar to this one, where insurers breached contracts with insureds by failing to pay the amounts owed under their policies, and Plaintiffs intend to prosecute this action vigorously. The interests of the above-defined Classes will be fairly and adequately protected by Plaintiffs and their counsel.

48.     **Inconsistent or Varying Adjudications and the Risk of Impediments to Other Class Members' Interests—Federal Rule of Civil Procedure 23(b)(1).**  Plaintiffs seek class-wide adjudication as to the interpretation, and resultant scope, of Defendant's Business Income, Civil Authority, Extra Expense, and Sue and Labor coverages.  The prosecution of separate actions by individual members of the Classes would create an immediate risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the Defendant. Moreover, the adjudications sought by Plaintiffs could, as a practical matter, substantially impair or impede the ability of other Class members, who are not parties to this action, to protect their interests.

49.     **Declaratory and Injunctive Relief—Federal Rule of Civil Procedure 23(b)(2).**  Defendant acted or refused to act on grounds generally applicable to Plaintiffs and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members.

50.     **Superiority—Federal Rule of Civil Procedure 23(b)(3).**  A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.     CLAIMS FOR RELIEF

### COUNT I
### BREACH OF CONTRACT -- BUSINESS INCOME COVERAGE
**(Claim Brought on Behalf of the Business Income Breach Class)**

51.     Plaintiffs Vegas Image and LV Candy ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-50 as if fully set forth herein.

52.     Plaintiffs bring this Count individually and on behalf of the other members of the Business Income Breach Class.

53.     Plaintiffs' VFIC policy, as well as those of the other Business Income Breach Class members, are contracts under which VFIC was paid premiums in exchange for its promise to pay Plaintiffs' and the other Business Income Breach Class members' losses for claims covered by the policy.

54.     In the Special Property Coverage Form, VFIC agreed to pay for its insureds' actual loss of Business Income sustained due to the necessary suspension of its operations during the "period of restoration."

55.     A "partial or complete cessation" of business activities at the Covered Property is a "suspension" under the policy, for which VFIC agreed to pay for loss of Business Income during the "period of restoration" that begins within 12 hours after the time of direct physical loss or damage.

56.     "Business Income" means net income (or loss) before tax that Plaintiffs and the other Class members would have earned if no physical loss or damage had occurred, as well as continuing normal operating expenses incurred.

57.     COVID-19 caused direct physical loss and damage to Plaintiffs and the other Business Income Breach Class members' Covered Properties, requiring suspension of operations at Covered Properties.  Losses caused by COVID-19 thus triggered the Business Income provision of Plaintiffs and the other Business Income Breach Class members' VFIC policies.

58.     Plaintiffs and the other Business Income Breach Class members have complied with all applicable provisions of their policies and/or those provisions have been waived by VFIC or VFIC is estopped from asserting them, and yet VFIC has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms.

59.     By denying coverage for any Business Income losses incurred by Plaintiffs and the other Business Income Breach Class members in connection with the COVID-19 pandemic, VFIC has breached its coverage obligations under the policies.

12

60.     As a result of VFIC's breaches of the policies, Plaintiffs and the other Business Income Breach Class members have sustained substantial damages for which VFIC is liable, in an amount to be established at trial.

## COUNT II
## BREACH OF CONTRACT – CIVIL AUTHORITY COVERAGE
### (Claim Brought on Behalf of the Civil Authority Breach Class)

61.     Plaintiffs Vegas Image and LV Candy ("Plaintiffs" for the purpose of this claim) repeats and realleges Paragraphs 1-50 as if fully set forth herein.

62.     Plaintiffs bring this Count individually and on behalf of the other members of the Civil Authority Breach Class.

63.     Plaintiffs' VFIC insurance policy, as well as those of the other Civil Authority Breach Class members, are contracts under which VFIC was paid premiums in exchange for its promise to pay Plaintiffs and the other Civil Authority Breach Class members' losses for claims covered by the policy.

64.     VFIC agreed to "pay for the actual loss of Business Income" that Plaintiffs sustain "and reasonable and necessary Extra Expense" that Plaintiffs incur "caused by action of civil authority that prohibits access to" the Covered Property when a Covered Cause of Loss causes damage to property other than the Covered Property.

65.     The Closure Orders triggered the Civil Authority provision under Plaintiffs' and the other members of the Civil Authority Breach Class's VFIC insurance policies.

66.     Plaintiffs and the other members of the Civil Authority Breach Class have complied with all applicable provisions of the policies, and/or those provisions have been waived by VFIC, or VFIC is estopped from asserting them, and yet VFIC has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms.

67.     By denying coverage for any business losses incurred by Plaintiffs and other members of the Civil Authority Breach Class in connection with the Closure Orders and the COVID-19 pandemic, VFIC has breached its coverage obligations under the policies.

68.     As a result of VFIC's breaches of the policies, Plaintiffs and the other members of the Civil Authority Breach Class have sustained substantial damages for which VFIC is liable, in an amount to be established at trial.

## COUNT III
## BREACH OF CONTRACT – EXTRA EXPENSE COVERAGE
### (Claim Brought on Behalf of the Extra Expense Breach Class)

69.     Plaintiffs Vegas Image and LV Candy ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-50 as if fully set forth herein.

70.     Plaintiffs bring this Count individually and on behalf of the other members of the Extra Expense Breach Class.

71.     Plaintiffs' VFIC insurance policy, as well as those of the other Extra Expense Breach Class members, are contracts under which VFIC was paid premiums in exchange for its promise to pay Plaintiffs' and the other Extra Expense Breach Class members' losses for claims covered by the policy.

72.     In the Special Property Coverage Form, VFIC also agreed to pay necessary Extra Expense that its insureds incur during the "period of restoration" that the insureds would not have incurred if there had been no direct physical loss or damage to the Covered Property.

73.     "Extra Expense" includes expenses to avoid or minimize the suspension of business, continue operations, and to repair or replace property.

74.     Due to COVID-19 and the Closure Orders, Plaintiffs and the other members of the Extra Expense Breach Class incurred Extra Expense at Covered Property

75.     Plaintiffs and the other members of the Extra Expense Breach Class have complied with all applicable provisions of the policies and/or those provisions have been waived by VFIC or VFIC is estopped from asserting them, and yet VFIC has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms.

14

76.     By denying coverage for any business losses incurred by Plaintiffs and the other members of the Extra Expense Breach Class in connection with the Closure Orders and the COVID-19 pandemic, VFIC has breached its coverage obligations under the policies.

77.     As a result of VFIC's breaches of the policies, Plaintiffs and the other members of the Extra Expense Breach Class have sustained substantial damages for which VFIC is liable, in an amount to be established at trial.

**COUNT IV**
**BREACH OF CONTRACT – SUE AND LABOR COVERAGE**
**(Claim Brought on Behalf of the Sue and Labor Breach Class)**

78.     Plaintiffs Vegas Image and LV Candy ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-50 as if fully set forth herein.

79.     Plaintiffs bring this Count individually and on behalf of the other members of the Sue and Labor Breach Class.

80.     Plaintiffs' VFIC policy, as well as those of the other Sue and Labor Breach Class members, are contracts under which VFIC was paid premiums in exchange for its promise to pay Plaintiffs' and the other Sue and Labor Breach Class members' losses for claims covered by the policy.

81.     In the Special Property Coverage Form, VFIC agreed to give due consideration in settlement of a claim to expenses incurred in taking all reasonable steps to protect Covered Property from further damage.

82.     In complying with the Closure Orders and otherwise suspending or limiting operations, Plaintiffs and other members of the Sue and Labor Breach Class incurred expenses in connection with reasonable steps to protect Covered Property.

83.     Plaintiffs and the other members of the Sue and Labor Breach Class have complied with all applicable provisions of the policy and/or those provisions have been waived by VFIC, or VFIC is estopped from asserting them, and yet VFIC has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms.

84.     By denying coverage for any Sue and Labor expenses incurred by Plaintiffs and the other members of the Sue and Labor Breach Class in connection with the Closure Orders and the COVID-19 pandemic, VFIC has breached its coverage obligations under the policies.

85.     As a result of VFIC's breaches of the policies, Plaintiffs and the other members of the Sue and Labor Breach Class have sustained substantial damages for which VFIC is liable, in an amount to be established at trial.

**COUNT V**
**DECLARATORY JUDGMENT – BUSINESS INCOME COVERAGE**
**(Claim Brought on Behalf of the Business Income Declaratory Judgment Class)**

86.     Plaintiffs Vegas Image and LV Candy ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-50 as if fully set forth herein.

87.     Plaintiffs bring this Count individually and on behalf of the other members of the Business Income Declaratory Judgment Class.

88.     Plaintiffs' VFIC policy, as well as those of the other Business Income Declaratory Judgment Class members, are contracts under which VFIC was paid premiums in exchange for its promise to pay Plaintiffs' and the other Business Income Declaratory Judgment Class members' losses for claims covered by the policy.

89.     Plaintiffs and the other Business Income Declaratory Judgment Class members have complied with all applicable provisions of the policies and/or those provisions have been waived by VFIC, or VFIC is estopped from asserting them, and yet VFIC has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiffs and the other Business Income Declaratory Judgment Class members are entitled.

90.     VFIC has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

91.     An actual case or controversy exists regarding Plaintiffs' and the other Business Income Declaratory Judgment Class members' rights and VFIC's obligations under the policies to reimburse Plaintiffs for the full amount of Business Income losses incurred by Plaintiffs and the other Business Income Declaratory Judgment Class members in connection with suspension of their businesses stemming from the COVID-19 pandemic.

92.     Pursuant to 28 U.S.C. § 2201, Plaintiffs and the other Business Income Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

i.      Plaintiffs' and the other Business Income Declaratory Judgment Class members' Business Income losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their policies; and

ii.     VFIC is obligated to pay Plaintiffs and the other Business Income Declaratory Judgment Class members for the full amount of the Business Income losses incurred and to be incurred in connection with the Closure Orders during the period of restoration and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

**COUNT VI**
**DECLARATORY JUDGMENT – CIVIL AUTHORITY COVERAGE**
**(Claim Brought on Behalf of the Civil Authority Declaratory Judgment Class)**

93.     Plaintiffs Vegas Image and LV Candy ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-50 as if fully set forth herein.

94.     Plaintiffs bring this Count individually and on behalf of the other members of the Civil Authority Declaratory Judgment Class.

95.     Plaintiffs' VFIC insurance policy, as well as those of the other Civil Authority Declaratory Judgment Class members, are contracts under which VFIC was paid premiums in exchange for its promise to pay Plaintiffs' and the other Civil Authority Declaratory Judgment Class members' losses for claims covered by the policy.

17

96.     Plaintiffs and the other Civil Authority Declaratory Judgment Class members have complied with all applicable provisions of the policies and/or those provisions have been waived by VFIC, or VFIC is estopped from asserting them, and yet VFIC has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiffs and the other Class members are entitled.

97.     VFIC has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

98.     An actual case or controversy exists regarding Plaintiffs' and the other Civil Authority Declaratory Judgment Class members' rights and VFIC's obligations under the policies to reimburse Plaintiffs and the other Civil Authority Declaratory Judgment Class members for the full amount of covered Civil Authority losses incurred by Plaintiffs and the other Civil Authority Declaratory Judgment Class members in connection with Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

99.     Pursuant to 28 U.S.C. § 2201, Plaintiffs and the other Civil Authority Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

i.     Plaintiffs' and the other Civil Authority Declaratory Judgment Class members' Civil Authority losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their policies; and

ii.     VFIC is obligated to pay Plaintiffs and the other Civil Authority Declaratory Judgment Class members the full amount of the Civil Authority losses incurred and to be incurred in connection with the covered losses related to the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

## COUNT VII
## DECLARATORY JUDGMENT – EXTRA EXPENSE COVERAGE
### (Claim Brought on Behalf of the Extra Expense Declaratory Judgment Class)

100.     Plaintiffs Vegas Image and LV Candy ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-50 as if fully set forth herein.

101.     Plaintiffs bring this Count individually and on behalf of the other members of the Extra Expense Declaratory Judgment Class.

102.     Plaintiffs' VFIC insurance policy, as well as those of the other Extra Expense Declaratory Judgment Class members, are contracts under which VFIC was paid premiums in exchange for its promise to pay Plaintiffs' and the other Extra Expense Declaratory Judgment Class members' losses for claims covered by the policy.

103.     Plaintiffs and the other Extra Expense Declaratory Judgment Class members have complied with all applicable provisions of the policies and/or those provisions have been waived by VFIC, or VFIC is estopped from asserting them, and yet VFIC has abrogated its insurance coverage obligations pursuant to the policies clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiffs and the other Class members are entitled.

104.     VFIC has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

105.     An actual case or controversy exists regarding Plaintiffs' and the other Extra Expense Declaratory Judgment Class members' rights and VFIC's obligations under the policies to reimburse Plaintiffs and the other Extra Expense Declaratory Judgment Class members for the full amount of Extra Expense losses incurred by Plaintiffs in connection with Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

106.     Pursuant to 28 U.S.C. § 2201, Plaintiffs and the other Extra Expense Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

> i.     Plaintiffs' and the other Extra Expense Declaratory Judgment Class members' Extra Expense losses incurred in connection with the Closure Orders and the

necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their policies; and

ii.    VFIC is obligated to pay Plaintiffs and the other Extra Expense Declaratory Judgment Class members for the full amount of the Extra Expense losses incurred and to be incurred in connection with the covered losses related to the Closure Orders during the period of restoration and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

**COUNT VIII**
**DECLARATORY JUDGMENT – SUE AND LABOR COVERAGE**
**(Claim Brought on Behalf of the Sue and Labor Declaratory Judgment Class)**

107.    Plaintiffs Vegas Image and LV Candy ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-50 as if fully set forth herein.

108.    Plaintiffs bring this Count individually and on behalf of the other members of the Sue and Labor Declaratory Judgment Class.

109.    Plaintiffs' VFIC insurance policy, as well as those of the other Sue and Labor Declaratory Judgment Class members, are contracts under which VFIC was paid premiums in exchange for its promise to pay Plaintiffs' and the other Sue and Labor Declaratory Judgment Class members' reasonably incurred expenses to protect Covered Property.

110.    Plaintiffs and the other Sue and Labor Declaratory Judgment Class members have complied with all applicable provisions of the policies and/or those provisions have been waived by VFIC, or VFIC is estopped from asserting them, and yet VFIC has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiffs are entitled.

111.    VFIC has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

20

112.     An actual case or controversy exists regarding Plaintiffs' and the other Sue and Labor Declaratory Judgment Class members' rights and VFIC's obligations under the policies to reimburse Plaintiffs and the other Sue and Labor Declaratory Judgment Class members for the full amount Plaintiffs and the other members of the Sue and Labor Declaratory Judgment Class reasonably incurred to protect Covered Property from further damage by COVID-19.

113.     Pursuant to 28 U.S.C. § 2201, Plaintiffs and the other Sue and Labor Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

    i.     Plaintiffs' and the other Sue and Labor Declaratory Judgment Class members reasonably incurred expenses to protect Covered Property from further damage by COVID-19 are insured losses under their policies; and

    ii.     VFIC is obligated to pay Plaintiffs and the other Sue and Labor Declaratory Judgment Class members for the full amount of the expenses they reasonably incurred to protect Covered Property from further damage by COVID-19.

## VII.     REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the other Class members, respectfully request that the Court enter judgment in their favor and against Defendant as follows:

a.     Entering an order certifying the proposed nationwide Classes, as requested herein, designating Plaintiffs as Class representatives, and appointing Plaintiffs' undersigned attorneys as Counsel for the Classes;

b.     Entering judgment on Counts I-IV in favor of Plaintiffs Vegas Image and LV Candy and the members of the Business Income Breach Class, the Civil Authority Breach Class, the Extra Expense Breach Class, and the Sue and Labor Breach Class; and awarding damages for breach of contract in an amount to be determined at trial;

c.     Entering declaratory judgments on Counts V-VIII in favor of Plaintiffs and the members of the Business Income Declaratory Judgment Class, the Civil Authority Declaratory Judgment Class, the Extra Expense Declaratory Judgment Class, and the Sue and Labor Declaratory Judgment Class as follows;

     i.    Business Income, Civil Authority, Extra Expense, and Sue and Labor losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their policies; and

    ii.    VFIC is obligated to pay for the full amount of the Business Income, Civil Authority, Extra Expense, and Sue and Labor losses incurred and to be incurred related to COVID-19, the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic;

d.    Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded;

e.    Ordering Defendant to pay attorneys' fees and costs of suit; and

f.    Ordering such other and further relief as may be just and proper.

## VIII.   <u>JURY DEMAND</u>

Plaintiffs hereby demand a trial by jury on all claims so triable.

Dated: May 4, 2020                    Respectfully submitted,

                                    */s/ Adam J. Levitt*

                                    Adam J. Levitt
                                    Amy E. Keller
                                    Daniel R. Ferri
                                    Mark Hamill
                                    Laura E. Reasons
                                    **DICELLO LEVITT GUTZLER LLC**
                                    Ten North Dearborn Street, Sixth Floor
                                    Chicago, Illinois 60602
                                    Telephone: 312-214-7900
                                    alevitt@dicellolevitt.com
                                    akeller@dicellolevitt.com
                                    dferri@dicellolevitt.com
                                    mhamill@dicellolevitt.com
                                    lreasons@dicellolevitt.com

                                    Mark Lanier*
                                    Alex Brown*

Skip McBride*
**THE LANIER LAW FIRM PC**
10940 West Sam Houston Parkway North
Suite 100
Houston, Texas  77064
Telephone:  713-659-5200
WML@lanierlawfirm.com
alex.brown@lanierlawfirm.com
skip.mcbride@lanierlawfirm.com

Timothy W. Burns*
Jeff J. Bowen*
Jesse J. Bair*
Freya K. Bowen*
**BURNS BOWEN BAIR LLP**
One South Pinckney Street, Suite 930
Madison, Wisconsin 53703
Telephone: 608-286-2302
tburns@bbblawllp.com
jbowen@bbblawllp.com
jbair@bbblawllp.com
fbowen@bbblawllp.com

Douglas Daniels*
**DANIELS & TREDENNICK**
6363 Woodway, Suite 700
Houston, Texas  77057
Telephone:  713-917-0024
douglas.daniels@dtlawyers.com

***Counsel for Plaintiffs
and the Proposed Classes***

*Applications for admission *pro hac vice* to be filed